UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH HILL, | No. 2:11-cv-3409-EFB P |
| Plaintiff, | |
| v. | ORDER |
| DIRECTOR OF CORRECTIONS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. Defendants have filed a motion to compel, which plaintiff has not opposed. Plaintiff has also filed a motion to compel, which defendants do oppose. As stated below, defendants' motion is granted and plaintiff's motion is denied.

I.  **Defendants' Motion to Compel**

Defendants move to compel further responses to their special interrogatories and requests for production. As for the interrogatories, defendants first argue that plaintiff should be ordered to serve a verification of his responses. *See* Fed. R. Civ. P. Rule 33(b)(3) ("Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing and under oath."). Plaintiff signed his interrogatory responses but failed to verify that they were made under oath. *See* ECF No. 26, Marquez Decl., Exs. E, F, G. Accordingly, plaintiff must serve on defendants a signed verification that his interrogatory responses, dated April 23, 2013, were made under oath.

1

1    Defendants next argue that plaintiff's response of "See Special Interrogatory 1-6 Medical
2    records complaint" to special interrogatories nos. 7 and 8 is deficient. In special interrogatory no.
3    7, each defendant asked plaintiff to identify all documents that support his contention that the
4    defendant violated plaintiff's civil or constitutional rights. In special interrogatory no. 8, each
5    defendant asked plaintiff to identify all documents that support his contention that he suffered
6    injury or harm as result of the purported acts or omissions of that defendant. Aside from the fact
7    that plaintiff's responses are not complete in themselves and are thus improper because they refer
8    to prior responses, they are also deficient because it is not clear which documents plaintiff refers
9    to when he states "Medical records complaint." Accordingly, plaintiff's responses to special
10   interrogatory nos. 7 and 8 are evasive or incomplete and an order compelling further responses is
11   appropriate under Rules 37(a)(3)(B)(iii) and (a)(4).[1]

12   Defendants also move to compel written responses to their requests for production. They
13   state that plaintiff provided *documents* in response, but did not provide *written responses* to their
14   requests. With respect to each document request, plaintiff must respond by restating the request
15   and providing a separate and complete written response to it. *See Burlington Northern & Santa*
16   *Fe Ry. v. United States Dist. Court*, 408 F.3d 1142, 1147 (9th Cir.. 2005) ("Rule 34 requires that a
17   written response to a discovery request be served within 30 days of the service of the request.").
18   Defendants' motion to compel written responses to their document requests must also be granted.
19   In his responses to each document request, plaintiff must either identify the documents that he has
20   produced, or explain why he has not produced any.

21   **II.    Plaintiff's Motion to Compel**

22   In plaintiff's August 12, 2013 motion to compel, he states that defendants have failed to
23   respond to his requests for production. ECF No. 27. Defense counsel responded through a
24   declaration, stating that she served responses to plaintiff's request for production on May 24,
25   2013, and that she supplemented those responses with copies of medical records, served on
26   August 15, 2013. ECF No. 28 ¶¶ 4, 5. Defense counsel states that she is not aware of any

27
28   [1] Plaintiff must respond to the requests by listing specific, identifiable documents.

2

outstanding discovery requests. *Id.* ¶ 6. Plaintiff did not file a reply. In light of defense counsel's representations, particularly the fact that she supplemented her response to plaintiff's document requests after plaintiff filed the instant motion to compel, it appears as though plaintiff's motion is now moot.

### III. Order

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 27) is denied, and defendants' motion to compel (ECF No. 26) is granted. Within 21 days from the date of this order, plaintiff shall (1) serve defendants with a signed verification that his interrogatory responses, dated April 23, 2013, were made under oath; (2) serve defendants with further responses to Special Interrogatories, Nos. 7 and 8; and (3) serve signed written responses to defendants' Request for Production of Documents.

Dated: October 10, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE