UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH HILL,

        Plaintiff,

   v.

DIRECTOR OF CORRECTIONS, et al.,

        Defendants.

No. 2:11-cv-3409-EFB P

ORDER

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He moves to amend the complaint and defendants move for enforcement of the court's October 11, 2013 order. As stated below, plaintiff's motion is denied and defendants' motion is granted.

**I. Plaintiff's Motion to Amend (ECF No. 36)**

Plaintiff's October 24, 2013 motion to amend appears to be based on his misunderstanding of the court's September 24, 2012 screening order. It is also untimely under the court's scheduling order. ECF No. 13. For these reasons, the motion is denied.

On September 24, 2012, the court screened plaintiff's original complaint pursuant to 28 U.S.C. § 1915A. ECF No. 6. It found that the complaint stated a cognizable Eighth Amendment deliberate indifference to medical needs claim against defendants Menon, Bal, and Duc. It also found that the complaint did not state cognizable claims against defendants U.C. Davis, Walker,

1

and the Director of Corrections, and dismissed those defendants with leave to amend.  The court gave plaintiff the choice of amending his complaint or proceeding with the claims in the original complaint against defendants Menon, Bal, and Duc.  *Id.* at 4.  On October 29, 2012, plaintiff submitted documents with the court indicating his desire to proceed with the claims in the original complaint against defendants Menon, Bal, and Duc.  ECF No. 9.  On January 22, 2013, defendants Menon, Bal, and Duc filed an answer.  ECF No. 12.

Now, over a year after presenting plaintiff with the option of amending his complaint or proceeding with his claims against defendants Menon, Bal, and Duc, plaintiff requests leave to amend.  ECF No. 36.  Plaintiff states in his request that he "is complying" with the court's September 24, 2012 screening order, and believes that this court "has ordered him to file an amended complaint without any claims against U.C. Davis, Walker, or the Director of Corrections."  *Id.* at 1.  Plaintiff is mistaken.  On September 24, 2012, the court gave plaintiff the choice of amending his complaint or proceeding on the original complaint as narrowed by the court's screening order.  The court made clear that plaintiff was "not obligated to amend his complaint."  ECF No. 6 at 4.   Because plaintiff's motion is based on his erroneous belief that he was required to amend his complaint, his motion is denied.

Moreover, the deadline for filing a motion to amend was April 23, 2013.  *See* ECF No. 13. A scheduling order may be modified upon a showing of good cause.  Fed. R. Civ. P. 16(b).  Good cause exists when the moving party demonstrates he cannot meet the deadline despite exercising due diligence.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Plaintiff fails to demonstrate that good cause supports his implied request to modify the schedule. On this basis too, plaintiff's motion is denied.

**II. Defendants' Motion for Plaintiff's Compliance with Court Order (ECF No. 40)**

Defendants move for plaintiff to comply with the court's October 11, 2013 order, which directed plaintiff to, within 21 days, (1) serve defendants with a signed verification that his interrogatory responses, dated April 23, 2013, were made under oath; (2) serve defendants with further responses to Special Interrogatories, Nos. 7 and 8; and (3) serve signed written responses to defendants' Request for Production of Documents.  ECF Nos. 34, 40.  Defendants state that

plaintiff did not serve the signed verification or the further responses to the Special Interrogatories. ECF No. 40-1 at ¶¶ 2-7. Defendants note that plaintiff did serve written responses to their Request for Production of Documents, but note that the responses were signed before the court issued its October 10, 2013 order. *Id.* Thus, it is unclear whether plaintiff actually made any attempt to comply with the court's order. Plaintiff has not opposed or otherwise responded to defendants' motion.

It is apparent that plaintiff has failed to comply with the court's order. Plaintiff shall comply or risk sanctions, including the sanction of dismissal. A party's failure to comply with any order or with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. The court may recommend that an action be dismissed with or without prejudice, as appropriate, if a party disobeys an order or the Local Rules. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992) (district court did not abuse discretion in dismissing pro se plaintiff's complaint for failing to obey an order to re-file an amended complaint to comply with Federal Rules of Civil Procedure); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for pro se plaintiff's failure to comply with local rule regarding notice of change of address affirmed).

Lastly, defendants request an extension of the deadline for filing dispositive motions because of plaintiff's failure to fully comply with discovery. Good cause appearing, the dispositive motion deadline is extended to June 9, 2014.

**III. Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend (ECF No. 36) is denied and the Clerk of the Court shall strike the proposed amended complaint (ECF No. 37) from the docket.
2. Defendants' motion for plaintiff's compliance and amendment thereto (ECF Nos. 40, 41) is granted.

/////

/////

/////

3

1      3.  Plaintiff shall, within 21 days, (1) serve defendants with a signed verification that his
2          interrogatory responses, dated April 23, 2013, were made under oath; and (2) serve
3          defendants with further responses to Special Interrogatories, Nos. 7 and 8.  Failure to
4          comply with this order may result in a recommendation that this action be dismissed.
5      4.  Good cause appearing, the dispositive motion deadline is extended to June 9, 2014.
6  DATED:  April 7, 2014.

             _____
             EDMUND F. BRENNAN
             UNITED STATES MAGISTRATE JUDGE